MORTON & CRAIG LLC
John R. Morton, Jr., Esq.
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: 856-866-0100
Attorney for: Ally Capital

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>FITZROYE H. ANDERSON<br>YOLANDA C. SHIVERS-ANDERSON | Case No. 20-13821(CNG)<br><br>Chapter 13<br><br>Hearing Date: 6-3-20<br><br>**OBJECTION TO CONFIRMATION** |

Ally Capital ("Ally"), a secured creditor of the Debtor, objects to the Debtor's plan for the following reasons:

a. **910 CLAIM; INTEREST RATE TOO LOW:** Ally holds a first purchase money security interest encumbering a 2015 HYUNDAI TUCSON purchased by the debtor on 425-18, less than 910 days prior to filing.  The net loan balance on the loan encumbering the vehicle at filing was $19,050.50.  Prime rate of interest on 3-5-20, the date of filing was 4.25%.  The plan should be amended to pay Ally $19,050.50 with interest at 5.25%.  The trustee should compute interest.  If interest was pre-computed, the trustee would pay Ally $21.701.55 over 60 months.

b. **Adequate protection payments:** The plan violates Code sections 361, 1325 and 1326. It does not pay adequate protection payments. Ally requests that the trustee pay it adequate protection payments in equal monthly payments each month of $190.50 per month beginning in APRIL OF 2020, (being 1% of the net loan balance value). Ally requests that these payments be given super priority administrative expense status and paid ahead of attorney fees, and should continue until regular distributions begin to be made to Ally.

c. **Proof of insurance:** The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract. Ally must be listed as loss payee or additional insured. **The Debtors must provide Santander with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtors provide proof of insurance.**

    d. Ally must retain its lien on the vehicle following confirmation, and until it is paid in full through the plan, the plan completes and the debtors receive a discharge.

    e. The order of payments must be modified to provide for the priority of adequate protection payments to Ally.

    /s/ John R. Morton, Jr.

    _____
    John R. Morton, Jr., attorney for
    Ally Capital

Date: 5-17-20