UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

51248
Morton & Craig LLC
John R. Morton, Jr., Esq.
110 Marter Avenue
Suite 301
Moorestown, NJ 08057
Attorney for Ally Capital

In Re:
FITZROYE H. ANDERS0N
YALANDA C. SHIVERS-ANDERSON



Order Filed on June 15, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 20-13821

Adv. No.:

Hearing Date: 6-3-20

Judge: CMG

# ORDER SETTING AMOUNT TO BE PAID THROUGH PLAN AND DIRECTING THE TRUSTEE TO MAKE ADEQUATE PROTECTION PAYMENTS TO ALLY CAPITAL

The relief set forth on the following pages, numbered two (2) is hereby **ORDERED**.

**DATED: June 15, 2020**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

**Fitzroye and Yolanda Anderson**
**20-13821(CMG)**
**Order Setting Amount to be Paid to and Directing the Chapter 13 Trustee to make**
**Adequate Protection Payments to Ally Capital**
**Page 2**

This matter having been brought on before this Court on objection to confirmation filed by John R. Morton, Jr., Esq., attorney for Ally Capital, with the appearance of Herbert Raymond, Esq. on behalf of the debtor, and this order having been filed with the Court and served upon the debtor and his attorney under the seven day rule with no objections having been received as to the form or entry of the order, and for good cause shown;

IT IS ORDERED:

1. **Amount to be paid to Ally Capital:** The trustee shall pay Ally Capital the sum of $21,701.55 over 60 months (being the net loan balance of $19,050.50 with interest at 5.25% for 60 months).

2. **Adequate protection payments:** The Chapter 13 Trustee shall make adequate protection payments to Ally Capital in the amount of $190 per month.

3. **Commencement and frequency of adequate protection payments:** Adequate protection payments shall be made monthly, each month to Ally Capital commencing in April of 2020.

4. **Duration of adequate protection payments:** Adequate protection payments shall be made monthly to Ally Capital until all counsel fees have been paid and regular distributions begin to be made to Ally Capital. If in any month there are insufficient funds on hand to pay both counsel fees and adequate protection payments, then funds on hand shall be used to pay adequate protection payments first, with the remaining balance going to counsel fees. If, after confirmation, counsel fees remain to be paid, then adequate protection payments shall continue to be paid to Ally Capital until the remaining counsel fees have been paid.

5. **Lien retention:** Ally shall retain its lien on debtors' vehicle until it has been paid in full through the plan by the debtors and the debtors complete the plan and receive a discharge.